T.C. Summary Opinion 2008-122

UNITED STATES TAX COURT

TARSHA LATRICE MCCLAIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14299-06S.                    Filed September 16, 2008.

Tarsha Latrice McClain, pro se.

Lynette Mayfield, for respondent.

WELLS, Judge:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.

---

[1]All subsequent section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in Federal income taxes of $4,219 and $5,376 for petitioner's 2004 and 2005 taxable years, respectively. The issues we must decide are: (1) Whether petitioner is entitled to two dependency exemption deductions for two unrelated minor children for taxable years 2004 and 2005; (2) whether petitioner is entitled to head of household filing status for taxable years 2004 and 2005; (3) whether petitioner is entitled to the earned income credit as an individual with two unrelated children for taxable years 2004 and 2005; and (4) whether petitioner is entitled to the additional child tax credit for two unrelated minor children for taxable year 2005.

## Background

At the time of filing the petition, petitioner resided in Arizona.

For taxable year 2004 petitioner timely filed a Form 1040, U.S. Individual Income Tax Return. Respondent issued a notice of deficiency with regard to petitioner's 2004 taxable year in which respondent disallowed two dependency exemption deductions, head of household filing status, and an earned income credit on the basis of two qualifying children.

For taxable year 2005 petitioner timely filed a Form 1040. Respondent issued a notice of deficiency with regard to petitioner's 2005 taxable year in which respondent disallowed two dependency exemption deductions, head of household filing status,

an earned income credit on the basis of two qualifying children, and an additional child tax credit on the basis of two qualifying children.

BJ,[2] born March 20, 1995, and CJ, born March 10, 1996, are minor children of Penny Freeman (Ms. Freeman).  Petitioner is not related to BJ or CJ.  BJ and CJ were not at any time placed with petitioner by a court or authorized placement agency.  During the years in issue, BJ and CJ lived with Ms. Freeman at all times.  At the beginning of 2004 petitioner lived with Ms. Freeman and Ms. Freeman's children, BJ and CJ, in Memphis, Tennessee.  During part of 2004 petitioner provided health insurance for, inter alia, BJ and CJ, through her employer.

On August 9, 2004, BJ and CJ withdrew from Memphis City Schools in order to move to Arizona with Ms. Freeman.  Petitioner did not move with Ms. Freeman and her children but instead remained in Memphis.

On December 7, 2004, petitioner moved to a residential hotel in Tempe, Arizona, with Ms. Freeman and her children.  On July 30, 2005, petitioner and Ms. Freeman jointly rented a home in Phoenix, Arizona, for $966.51 per month, including trash removal.

---

[2]The Court refers to minor children by their initials.  Rule 27(a)(3).

## Discussion

Dependency Exemption Deductions

In order to be entitled to dependency exemption deductions, petitioner must prove that she meets the provisions of sections 151 and 152.[3]  Because sections 151 and 152 were amended,[4] the law is different for 2004 and 2005.  We discuss each taxable year in turn.

### Taxable Year 2004

For 2004 section 151(c)(1) provides that an exemption is allowed for each person who is a dependent of a taxpayer if the following requirements are met:  (a) The individual for whom an exemption is claimed is a U.S. citizen who is a dependent (as defined in section 152), which includes a son, daughter, stepson, stepdaughter, sibling, parent or other ancestor, stepparent, niece, nephew, aunt, uncle, certain relatives-in-law, or an individual other than the taxpayer's spouse, who, for the taxable year of the taxpayer, has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household;

---

[3]Petitioner has not raised sec. 7491 and therefore it does not apply.  Consequently, petitioner bears the burden of proof.  See Rule 142(a).

[4]The Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 206, 118 Stat. 1176, amended sec. 151, effective for tax years beginning after Dec. 31, 2004.  The Working Families Tax Relief Act of 2004, sec. 201, 118 Stat. 1169, amended sec. 152, effective for tax years beginning after Dec. 31, 2004.

(b) over one-half of the individual's support for the taxable year is received from the taxpayer; and (c) the individual's gross income is less than the exemption amount or the individual is the taxpayer's child who is younger than age 19 or is a student younger than age 24. Secs. 151(c), 152(a).

Section 152(a)(9) requires that, to be entitled to a dependency exemption deduction for a person not related to the taxpayer, the taxpayer must show that the individual for whom the dependency exemption deduction is sought has lived with them as part of their household for the entire taxable year.

Petitioner has failed to show that BJ and CJ resided with her as part of her household for the entire year 2004. The Memphis City School records show that on August 9, 2004, BJ and CJ withdrew from school in order to move. They moved to Arizona with their mother, while petitioner remained in Memphis. Petitioner joined Ms. Freeman and the children in Arizona during December 2004. Accordingly, the two children in issue did not live with petitioner as part of her household for the entire year 2004.

Petitioner must also show that she provided over one-half of the support for the children during 2004. See sec. 152(a).

To be entitled to a deduction for a dependency exemption, a taxpayer must establish the total support costs expended on behalf of the claimed dependent from all sources for that year,

and must demonstrate that they provided over one-half of that amount.  <u>Daya v. Commissioner</u>, T.C. Memo. 2000-360; sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner has failed to establish and take into account the full amount of income from all sources into her household for 2004 and the expenditure from those sources, and thus is unable to establish whether or not any amounts of support provided by her during 2004 constituted more than one-half of the support for the claimed dependents.  Petitioner has not accounted for the earnings of Ms. Freeman, if any, and the amount of any government benefits that Ms. Freeman may have received.

On the basis of the meager record in the instant case, petitioner has failed to meet her burden of proof with regard to the dependency exemptions for 2004.

<u>Taxable Year 2005</u>

For 2005, section 151(c) provides for dependency exemptions for dependents as defined in section 152.  Section 152(a) defines a dependent as either a "qualifying child" or a "qualifying relative."  A qualifying child is one who does not provide over one-half of his support.  Sec. 152(c)(1)(D).

Section 152(c) establishes four tests for a qualifying child:  (1) The relationship test; (2) the principal place of abode test; (3) the age test; and (4) the support test.  The age test is not an issue.  The relationship test set forth in section

152(c)(2) requires that a qualifying child be a child of the taxpayer, a brother or sister of the taxpayer, a stepbrother or stepsister of the taxpayer, or a descendant of any of these.

Petitioner did not offer any evidence that the children in issue are related to her. Indeed, the parties stipulated that BJ and CJ are not related to petitioner. BJ and CJ are the children of Ms. Freeman, with whom petitioner lived for part of 2004 and all of 2005.

Additionally, section 152(d)(1)(D) disallows a deduction for a dependency exemption with regard to an individual who may be a qualifying child of another taxpayer for the taxable year. Petitioner has not established that BJ and CJ were not the qualifying children of Ms. Freeman during all of 2005. Accordingly, they cannot be individuals for whom a dependency exemption is allowable to petitioner as an unrelated taxpayer.

On the basis of the record, we hold petitioner is not entitled to the two dependency exemption deductions she claimed for taxable year 2005.

Head of Household Filing Status

Taxable Year 2004

As relevant here, to be entitled to file as a head of household a taxpayer must be unmarried and not a surviving spouse at the close of the tax year and must maintain as his home a household which constitutes for more than one-half of the year

the principal place of abode, as a member of his household, of a person for whom the taxpayer is entitled to a deduction for a dependency exemption pursuant to section 151. Sec. 2(b)(1)(A)(ii). A taxpayer is considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by the taxpayer. Sec. 2(b); Blanco v. Commissioner, 56 T.C. 512, 514-515 (1971).

Petitioner has failed to offer evidence that BJ and CJ were members of her household for the entire taxable year 2004. Petitioner has not shown that she is entitled to the two dependency exemption deductions for 2004. Consequently, petitioner is not entitled to head of household status for taxable year 2004.

Taxable Year 2005

For 2005 the definition of "head of household" was amended to require that, to be entitled to file as head of household, an individual must maintain a home which constitutes for more than one-half of the taxable year the principal place of abode of an unmarried qualifying child, as defined in section 152(c), or the principal place of abode for the entire year of any other person who is a dependent of the taxpayer for whom the taxpayer is entitled to a deduction under section 151. Sec. 2(b)(1)(A).

The evidence shows that BJ and CJ are not related to petitioner. Accordingly, they fail the relationship test. See sec. 152(c). Furthermore, petitioner cannot meet the requirements of section 152(d)(1)(D), which disallows a dependency exemption unless the taxpayer establishes that the proposed dependent is not the qualifying child of another taxpayer. As discussed above, BJ and CJ may be qualifying children of their mother, Ms. Freeman, with whom they lived for the entire year 2005. Moreover, petitioner failed to prove that she provided more than one-half of the cost of maintaining a household for BJ and CJ for taxable year 2005 as required by section 2(b)(1). Petitioner is therefore not entitled to file as a head of household for 2005.

Earned Income Credit

On each of her 2004 and 2005 returns petitioner claimed an earned income credit based on BJ and CJ as qualifying children. Section 32(c)(1)(A) provides that, for purposes of qualifying for the earned income credit, an "eligible individual" is an individual who has a qualifying child for the taxable year.[5] A "qualifying child" is defined as an individual's child, stepchild, sibling, step-sibling, a descendant of any of these, or an eligible foster child (placed with the individual by an

[5]Respondent concedes that without a qualifying child, petitioner is entitled to an earned income credit of $112 for taxable year 2004 only pursuant to sec. 32(c)(1)(A)(ii).

authorized agency) whom the individual cares for as the individual's own child; who is under the age of 19; and who has the same principal place of abode as the individual for more than one-half of the taxable year. Sec. 32(c)(3).

Petitioner is not related to BJ or CJ and has produced no evidence that they were placed with her by an authorized placement agency. BJ and CJ therefore are not qualifying children for purposes of the earned income credit for the taxable years in issue.

Additional Child Tax Credit

Petitioner claimed an additional child tax credit on the basis of BJ and CJ as qualifying children for taxable year 2005.[6] Subject to limitations on the basis of adjusted gross income, a taxpayer is allowed for the year a child tax credit with regard to each qualifying child of the taxpayer. Sec. 24(a). A portion of the child tax credit may be refundable as additional child tax credit if the taxpayer has an unused child tax credit. Sec. 24(d).

For taxable year 2005 a qualifying child is defined as one that meets the requirements of a qualifying child for purposes of the dependency exemption pursuant to section 152(c) who has not attained age 17. Sec. 24(c). BJ and CJ do not meet the

------

[6]No additional child tax credit was disallowed by respondent for taxable year 2004.

relationship test of section 24(c)(1) and section 152(c)(1) and (2). Petitioner has not demonstrated that she is entitled to dependency exemption deductions for BJ and CJ. Accordingly, we hold that petitioner is therefore not entitled to an additional child tax credit for taxable year 2005 on the basis of BJ and CJ as qualifying children.

We have considered all of the parties' arguments, and, to the extent they are not discussed in this opinion, we conclude that they are without merit, irrelevant, or unnecessary to reach.

To reflect the foregoing,

Decision will be entered under Rule 155.